UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN KINFORD, | ) | 3:17-CV-0252-MMD-CBC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 16, 2019 |
| | ) | |
| ROMEO ARANAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE CARLA BALDWIN CARRY</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>LISA MANN</u>  REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Pursuant to the court's screening order (ECF No. 7), plaintiff was granted leave to file an amended complaint. Plaintiff filed an amended complaint in September 2018 (ECF No. 21). Plaintiff's amended complaint awaits screening pursuant to 28 U.S.C. § 1915A. However, plaintiff has filed several motions with this court. The court will address each in turn.

**ECF Nos. 13 & 18 – Motions to Extend Prison Copywork Limit**

Plaintiff's motions for extension of legal copywork (ECF Nos. 13 & 18) are **GRANTED in part**. In his motion, plaintiff states that he has exceeded his photocopy limit and requests that the court allow him to exceed the limit in order to prosecute this case. The court will allow plaintiff a one-time opportunity to exceed his photocopy limit in the amount of $10.00 in this case. The additional $10.00 shall be added to plaintiff's prison account to be paid when plaintiff has funds available. The court cautions plaintiff that he should carefully consider the documents he intends to copy as the court will not allow plaintiff to exceed the copy limit by more than $10.00 under any circumstance.

The Clerk shall mail a copy of this order to Chief of Inmate Services for NDOC, P.O. Box 7011, Carson City, Nevada 89702.

## ECF Nos. 14 & 17 – Motions for Appointment of Counsel

This is a civil rights action brought by *pro se* prisoner plaintiff Steven Kinford. Plaintiff has moved for appointment of counsel (ECF Nos. 14 & 17).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motions for appointment of counsel (ECF Nos. 14 & 17) are **DENIED**.

## ECF Nos. 15 – Motion to Compel Discovery

Plaintiff's amended complaint awaits screening under 28 U.S.C. 1915A. A scheduling order will be issued after the defendants have filed an answer in this case. Therefore, plaintiff's motion to compel (ECF No. 15) is **DENIED** as premature.

## ECF No. 16 – Motion for Default

Plaintiff's amended complaint awaits screening under 28 U.S.C. 1915A. Defendants have not been ordered to file an answer in this case. Therefore, plaintiff's motion for default (ECF No. 16) is **DENIED** as premature.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By:_____/s/_____
Deputy Clerk